

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00117-CR

Norma Lisa **ELIZONDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR4167
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
             Irene Rios, Justice
             Beth Watkins, Justice

Delivered and Filed: April 24, 2024

DISMISSED FOR LACK OF JURISDICTION

Appellant Norma Elizondo entered into a plea bargain with the State, and pled nolo contendere to a felony offense. The clerk's record shows on January 9, 2024, the trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

A timely notice of appeal is necessary to invoke this court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Elizondo's notice of appeal was due by February 8, 2024, without a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1) (stating notice of appeal must

be filed within thirty days after sentence imposed); 26.2(a)(2) (stating notice of appeal must be filed within ninety days after sentence imposed if defendant timely files motion for new trial). The record does not show Elizondo filed a motion for a new trial. *See id.* R. 26.2. Elizondo's notice of appeal is dated February 12, 2024 and was mailed on February 13, 2024. And the record does not include a motion for an extension of time to file a notice of appeal. *See id.* R. 26.3.

In addition, this court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(a)(2). The clerk's record includes the written plea bargain agreement which includes a waiver of the right to appeal those matters that were raised by written motion, filed, and ruled on before trial. *See id.* The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The record also appears to support the trial court's certification Elizondo does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Because it appeared the notice of appeal was untimely filed and there was no certification showing Elizondo had a right to appeal, we ordered Elizondo to file a response establishing (1) the notice of appeal was timely and (2) an amended certification showing she has the right to appeal has been made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 26.2(a), 37.1. On April 1, 2024, Elizondo's counsel filed a response explaining "[t]he Court of Appeals is correct on all points in its order," and "this Appeal should be dismissed as the Appellant waived her right to appeal in this matter, and the Trial Court followed the Plea Bargain Agreement in this matter."

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH